UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DAVID GORDON | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3: 10-20-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLARK TAYLOR, Warden, Luther | ) | **MEMORANDUM OPINION** |
| Luckett Correctional Complex, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner David Gordon's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [Record No. 2] Consistent with local practice, the matter was referred to United States Magistrate Judge Edward B. Atkins for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Atkins filed his Report and Recommendation on January 20, 2012. [Record No. 16] Based on his review of the record and the applicable law, the magistrate judge recommended that Gordon's petition be denied. Magistrate Judge Atkins advised the parties that objections must be filed within fourteen days of the date of service or further appeal would be waived. [*See id.* at p. 20 (citing *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001), and *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984)).] That time has now passed, and neither party has filed objections.

Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t

does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Arn*, *supra*, at 150.  Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See id.* at 147–48; *Wright v. Holbrook*, 794 F.2d 1152, 1154–55 (6th Cir. 1986).  Nevertheless, having examined the record and having made a *de novo* determination regarding all issues raised herein, the Court is in full agreement with the magistrate judge's Report and Recommendation.

Gordon is currently serving a forty year term of imprisonment on state charges. Following a series of burglaries occurring in Carroll, Henry and Owen Counties in late 2004, a Carroll County jury convicted Gordon and a co-defendant of two counts of burglary in the first degree, three counts of burglary in the second degree, two counts of receiving stolen property, and five counts of receiving stolen property valued at $300 or more.  Additionally, Gordon was charged with and found to be a persistent felony offender.  Gordon appealed his sentence to the Kentucky Court of Appeals, but was unsuccessful in having his conviction set aside.  Thereafter, the Supreme Court of Kentucky affirmed Gordon's conviction.  Gordon then filed a motion in the circuit court pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure, arguing that his trial attorney performed ineffectively by: (1) failing to obtain and introduce receipts from a retail store to prove that the tools found in his car at the time of his arrest were not burglary tools; (2) calling his sister to testify despite the fact that her testimony was not exculpatory; (3) failing to object to jury instructions; (4) failing to adequately prepare for trial and failing to

request a continuance; and (5) failing to request a change of venue.  Again, however, Gordon was unsuccessful.

After exhausting his state appeals, Gordon filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254. [Record No. 2]  In his petition, Gordon asserts four claims for relief.  First, he argues that the evidence presented at trial was insufficient to convict him.  Second, he asserts that the trial court violated his constitutional rights by allowing the county sheriff to improperly offer opinion testimony concerning the nature of the tools found in his car (*i.e.*, that the tools were burglary tools).  Third, Gordon contends that the Supreme Court of Kentucky erred in holding that the admission of the sheriff's testimony was harmless.  Fourth, Gordon argues that his attorney rendered ineffective assistance by failing to request a change of venue.

Magistrate Judge Atkins carefully evaluated each of Gordon's claims and correctly concluded that they were insufficient to support the relief sought.  After outlining the standard of review applicable to Gordon's arguments, the magistrate judge addressed the sufficiency of evidence claim and determined that the evidence presented at his trial was sufficient to support Gordon's conviction on each count. [Record No. 16, pp. 5-13]  As Magistrate Judge Atkins correctly noted, "[b]ased on [Gordon's] lack of credibility, his recent unexplained possession of property stolen from each of the burglarized homes, and the commonality of those burglaries, the state court's sufficiency of evidence determination was not 'objectively unreasonable.'" [*See Id.* at p. 13 (citations omitted).]

Likewise, Magistrate Judge Atkins correctly concluded that Gordon was not entitled to habeas relief based on the improper admission of opinion testimony by the county sheriff.  In

addition to Gordon failing to properly present this claim to the state court (and, therefore, procedurally defaulting this issue) he has failed to demonstrate cause, prejudice, or that lack of federal habeas review of this claim will result in the conviction of a person who is actually innocent. [*Id.* at pp. 13-15] And as the magistrate judge properly found, even if this claim had been raised in the state courts, it would not entitle Gordon to the relief sought. As a general matter, "[i]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The error alleged by Gordon regarding the testimony of Sheriff Maiden does not fit within the narrow exception to this general rule.

Next, Gordon is not entitled to any relief based on his assertion of ineffective assistance based on his attorney's failure to seek a change of venue. As Magistrate Judge Atkins accurately summarized in his report, Gordon has not presented any evidence suggesting that members of the venire were actually prejudiced against him. Likewise, he failed to demonstrate that his case warrants a presumption of jury prejudice. [*Id*. at pp. 17-20] Finally, Gordon has not shown that a Certificate of Appealability should issue.[1] Accordingly, it is hereby

**ORDERED** as follows:

---

1   A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). In the present case, Gordon has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

1.	Magistrate Judge Atkins' Report and Recommendation [Record No. 16] is **ADOPTED** and **INCORPORATED** by reference.

2.	Petitioner Gordon's Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 [Record No. 2], is **DENIED**;

3.	A Certificate of Appealability shall not issue because Gordon has not made a substantial showing of the denial of any substantive constitutional right;

4.	This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 13th day of February, 2012.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge